UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WOODRON INTERNATIONAL COMPANY,
LLC and KEHINDE OLATUNJI
ADEDEJI,

      Plaintiffs,

      v.

BANK OF AMERICA, et al.,

      Defendants.

No. 22-CV-12123-DLC

**ORDER ON PLAINTIFFS' MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR AN ATTORNEY (DKT. NOS. 2, 7)**

CABELL, U.S.M.J.

### I.   INTRODUCTION

On December 14, 2022, *pro se* litigant Kehinde Olatunji Adedeji filed a civil complaint on his own behalf and on the behalf of Woodron International Company, LLC ("Woodron") against Bank of America ("BOA") and six others. The plaintiffs' statement of their claims consists of a brief allegation that BOA discriminated against them by denying their loan requests. The plaintiffs seek $10 million in damages.

The plaintiffs filed a motion for leave to proceed *in forma pauperis* (DKT No. 2), which Adedeji signed. After the Court informed the plaintiffs that Woodron must be represented by a

licensed attorney (Dkt. No. 5), they filed a motion for the Court to "approve government attorney" to represent them, (Dkt. No. 7).

For the reasons stated below, the Court will deny both motions, order that counsel appear for Woodron and pay the filing fee, and direct Adedeji to file an amended complaint.

## II.  WOODRON MUST BE REPRESENTED BY LICENSED COUNSEL

As noted above, the Court has already ordered that Woodron must be represented by an attorney.  Although 28 U.S.C. § 1654 permits natural persons to represents themselves in a federal court, it does not allow unlicensed laypersons to represent other individuals or entities.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993).  Similarly, this Court's Local Rules explicitly provide that a "corporation . . . or other entity that is not an individual may not appear *pro se*" and that "[a]n individual officer [or] director . . . . may not appear on behalf of an entity" unless that person is also an attorney."  District of Massachusetts Local Rule 83.5.3(c).  "The court may strike any pleading filed on behalf of any entity that purports to appear *pro se*."  *Id.*

The Court will not appoint a "government attorney."  Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C.

§1915(e)(1), but, in this context, a "person" does not include an artificial entity. See *Rowland*, 506 U.S. at 720-21.

Because Adedeji cannot bring this action on behalf of Woodron, the company must appear through a licensed attorney. If Woodron fails to appear through counsel 21 days of the date of this order, Woodron's claims could be subject to dismissal by a District Judge.

### III. WOODRON CANNOT PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, a court may permit a "person" to proceed without prepayment upon submission of an affidavit showing that "the person is unable to pay such fees or give security therefore." 28 U.S.C. § 1915(a). It is well-settled that "only a natural person can qualify for treatment in forma pauperis under § 1915." *Rowland*, 506 U.S. at 196. Therefore, a company, which is an artificial entity rather than a real person, cannot proceed *in forma pauperis*.

The Court therefore DENIES the motion for leave to proceed *in forma pauperis* insofar as Adedeji seeks *in forma pauperis* status for the Woodron. If counsel for Woodron appears, Woodron must pay the $402 fee for commencing a civil action in this Court.

3

## IV.  ADEDEJI MAY PURSUE CLAIMS ON HIS OWN BEHALF

To the extent that Adedeji elects to be the sole plaintiff and assert claims only on his own behalf, the motion for leave to proceed *in forma pauperis* is GRANTED.  However, Adedeji must file an amended complaint that states a claim upon which relief may be granted.

To state a claim upon which relief may be granted, it must contain "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that the complaint must give each defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  For example, a plaintiff who brings a claim for a discriminatory denial of a loan must alleged specific facts, which, if taken as true, permit the court to reasonably infer that the defendant unlawfully denied a loan on a discriminatory basis.  A plaintiff would need to include

4

allegations describing the loan application process, the proposed lone terms, the defendant's proffered reasons for denying the loan, and the reason for which the plaintiff believe that the denial of the loan was the result of unlawful discrimination.  In addition, the plaintiff would need to include the approximate dates of the alleged events.  Further, if there are multiple defendants, the plaintiff would need to identify the alleged misconduct of each specific defendant.  See Bagheri v. Galligan, 160 Fed. App'x. 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts" and the plaintiff had failed to cure the pleading deficiencies).

　　　The Court cannot reasonably infer from the conclusory allegation that Bank of America discriminated against Woodron and Adedeji vis-à-vis loan denials that Bank of America or any other defendant is liable to Adedeji.  If Adedeji wishes to prosecute claims on his own behalf, he must file an amended complaint which contains "short and plain statement of the claim showing that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2).  Adedeji may, but is not required, to use a form complaint.  If he chooses to use a form complaint, he must set forth the statement of his claim on additional pages "in

numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

## V. CONCLUSION

For the reasons stated above, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED as to Woodron and GRANTED as to Adedeji.

2. If Woodron wishes to prosecute this case, counsel must appear for Woodron within 21 days of the date of this order and pay the $402 filing fee. Failure to comply with this order may result in dismissal of Woodron's claims by District Judge.

3. If Adedeji wishes to proceed as a party in this action to bring claims on his own behalf (but not on the behalf of Woodron), he must, within 35 days of the date of this order, file an amended complaint which complies with the pleading requirements set forth in Section III, *supra*. Failure to comply with this order may result in dismissal of Adedeji's claims by a District Judge.

4. The motion for appointment of counsel (Dkt. No. 7) is DENIED.

So ordered.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: March 28, 2023