UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WOODRON INTERNAITONAL COMPANY, LLC and KEHINDE OLATUNJI ADEDEJI,<br>        Plaintiffs,<br><br>        V.<br><br>BANK OF AMERICA, et al.,<br>        Defendants. | No. 22-cv-12123-DLC |

### MEMORANDUM AND ORDER ON MOTION TO APPOINT COUNSEL AND FOR EXTENSION OF TIME

CABELL, U.S.M.J.

In December 2022, pro se plaintiff Kehinde Olatunji Adedeji ("plaintiff") filed a complaint on behalf of himself and Woodron International Company, LLC ("Woodron") against defendants Bank of America ("BOA"), Harr Toyota, Knight-Dik Insurance, and five individuals. (D. 1). The complaint, which seeks $10 million in damages, alleges that BOA engaged in discrimination against the plaintiff and his business, Woodron, by denying their loan requests. (D. 1).

On April 14, 2023, the plaintiff filed a letter asking for an extension of time of a 35-day deadline to file an amended complaint. (D. 10). By way of background, the court set a deadline of 35 days for the plaintiff to file an amended complaint if he

wished to proceed on his own behalf in this action, as opposed to also on behalf of Woodron. The Order set a 21-day deadline for counsel to appear for Woodron because, as explained in the Order, a limited liability company must be represented by a licensed attorney. *See* L.R. 83.5.3(c); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993).

In the letter, the plaintiff asks that the 35 days commence on the date he filed the letter (April 14, 2023) as opposed to the date of the Order (March 28, 2023). (D. 10). The letter includes an additional request to appoint an attorney to represent the plaintiff. (D. 10). In light of the plaintiff's pro se status, the court construes the letter as a twofold motion seeking the foregoing extension and the appointment of counsel for the plaintiff. For the reasons that follow, the court allows the extension and denies the motion for appointment of counsel without prejudice.

I. **APPOINTMENT OF COUNSEL FOR THE PLAINIFFF**

The plaintiff, who is proceeding in forma pauperis, seeks appointment of counsel under 28 U.S.C. § 1915(e)(1) ("section 1915(e)"). Under section 1915(e), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). As a litigant in a civil case, however, the plaintiff does not have "a constitutional right to free counsel." *Love v. Dep't of the Army*, Civil Action No. 22-10432-NMG, 2023 WL

2406390, at *1 (D. Mass. Mar. 8, 2023) (citing *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991)).

To obtain appointed counsel under section 1915(e), the plaintiff must show indigency and exceptional circumstances. *DesRosiers*, 949 F.2d at 23; *see Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); *Kinuthia v. Biden*, Civil Action No. 21-11684-NMG, 2022 WL 1715020, at *4 (D. Mass. Mar. 2, 2022) ("Plaintiff must show" indigency and "exceptional circumstances.") (citations omitted).  The plaintiff's application for leave to proceed in forma pauperis (D. 2) sufficiently establishes his inability to afford counsel.

With indigency established, the issue reduces to whether "exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on [the plaintiff's] due process rights."  *Hullum v. Mici*, Civil Action No. 23-10082-PBS, 2023 WL 2601667, at *2 (D. Mass. Mar. 22, 2023) (citing *DesRosiers*, 949 F.2d at 23, and section 1915(e)(1)); *accord Ewers v. Mass. Gen. Hosp.*, Civil Action No. 22-10962-WGY, 2022 WL 10483801, at *2 (D. Mass. Oct. 17, 2022) (same).  Exceptional circumstances involve examining "the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *DesRosiers*, 949 F.2d at 24.

3

At this juncture, the issues are not complex. The case is in its initial stages and has not progressed to the merits. Accordingly, the circumstances do not warrant appointment of counsel. The plaintiff may reapply for appointment of counsel in the event this case proceeds to a more developed stage involving complex legal or factual issues and/or other circumstances arise that justify appointment of counsel.

## II. CONCLUSION

Based on the foregoing reasons, the motion for appointment of counsel (D. 19) is **DENIED** without prejudice. The motion to extend the 35-day time-period (D. 19) is **ALLOWED**, and the time-period to file an amended complaint is extended up to and including May 19, 2023.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: April 17, 2023